THE STATE, EX REL. KENNER PRO-
DUCTS, DIVISION OF GENERAL MILLS
FUN GROUP, *v.* INDUSTRIAL COMMISSION
OF OHIO ET AL.

(No. 84AP-609 — Decided June 6, 1985.)

*Schottenstein, Zox & Dunn, Robert D. Weisman* and *James E. Davidson,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merl H. Wayman,* for respondents Industrial Commission and James L. Mayfield, Administrator, Bureau of Workers' Compensation.

*Ralph P. Ginocchio,* for respondent Johnson.

NORRIS, J. This matter is before us upon the objections of the Industrial Commission ("commission") to the report and recommendation of our referee that a writ of mandamus issue.

Relator, Kenner Products, filed this original action requesting that this court issue a writ of mandamus ordering respondent commission to vacate an order which granted respondent Marie Johnson a lump-sum advancement of $8,266.42 against her workers' compensation benefits, and to issue an order allowing relator the opportunity to recoup the monies paid to her. The issue raised by this case is whether the commission granted the advancement contrary to the provisions of R.C. 4123.64 and the commission's own rules, thereby abusing its discretion.

Johnson was injured on October 2, 1974, while employed by relator. Her claim for compensation was allowed, and was later amended to allow an additional condition. On April 21, 1983, the commission found Johnson to be permanently and totally disabled. Subsequently, Johnson filed a C-63 form requesting authorization to receive a lump-sum payment of $11,646.53 for payment of debts she had incurred to financial institutions and a furniture store. The request was heard by the commission on January 5, 1984, and this order was issued:

"That the request for authorization to make a Lump Sum Payment filed herein on Sept. 23, 1983 be granted and the employer is directed to make the advancement of $8,266.42 as set forth in the application.

"* * *

"It is further ordered that the disbursement is to be made under the supervision of the employer who is to make a report of same to the Industrial Commission of Ohio.

"This advancement will cause a reduction in weekly rate of $14.63. * * *"

Relator contends that the commission abused its discretion in granting Johnson's request because evidence adduced at the hearing indicated that the advancement was to pay creditors as the result of purchases of a central air conditioner, a 1982 Chrysler Cordoba, and a

color television set. This, argues relator, contravenes the provisions of R.C. 4123.64 and Ohio Adm. Code 4121-3-10(B).

R.C. 4123.64 provides that:

"(A) The industrial commission, under special circumstances, and when the same is deemed advisable for the purpose of rendering the injured or disabled workman financial relief or for the purpose of furthering his rehabilitation, may commute payments of compensation or benefits to one or more lump sum payments.

"(B) The commission shall adopt rules which set forth the policy for awarding lump sum payments. The rules shall:

"(1) Enumerate the allowable purposes for payments and the conditions for making such awards;

"* * *

"(6) Specify procedures to make a claimant aware of the reduction in amount of compensation which will occur."

The commission has promulgated rules setting out its policies for awarding lump-sum payments. Ohio Adm. Code 4121-3-10 provides in part that:

"(B) Lump sum payments or advancements.

"Under special circumstances and when deemed advisable, for the purpose of affording financial relief or furthering rehabilitation, the commission may commute an award of compensation benefits to one or more lump sum payments. An application for commutation shall be on a form provided by the commission and/or bureau and shall set forth the nature of the obligation, and when the obligation was incurred. The application must be fully executed and be current. It shall be executed by the claimant before a notary public who shall affix his official seal. Failure to file a completely executed application is grounds for its dismissal. An application for lump sum payment shall embrace all contemplated requests for such payment. Subsequent applications for lump sum payments will not be granted unless sufficient justification is established for the obligation not having been included in the original request. No lump sum payment is to be granted from awards of compensation for temporary total or temporary partial disability.

"(1) Lump sum payments, and death awards.

"(a) *Lump sum advancements to creditors will be considered* for allowance in cases of documented emergencies, *to repay loans,* for the full payment of home mortgages or land contracts only in situations where the indebtedness was incurred and recorded prior to the filing of an application for permanent partial and total disability or death award. For the purchase of a home, the seller is to provide a general warranty deed, abstract or certificate of title and termite reports. No personal loans will be paid unless there is an affidavit signed by the claimant and creditor verifying the existance [*sic*] of a debt.

"(b) *No advancements are to be made for luxury items such as color tv's* or stereos, etc., nor for a down payment on any purchase, *nor for the purchase of an automobile unless there is shown a documented need for transportation.*

"* * *

"(j) The commission in its discretion may deviate from the provision[s] of paragraphs (B)(1)(a) to (B)(1)(i) when, after due consideration, the commission deems it appropriate to do so." (Emphasis added.)

R.C. 4123.64 provides for lump-sum advancements "under special circumstances, *and* when the same is deemed advisable for the purpose of rendering the injured or disabled workman financial relief or for the purpose of furthering his rehabilitation * * *." (Emphasis added.) Certainly, the advancement provided Johnson financial relief. There is, however, no indication that the commission considered

whether any special circumstances were present which warranted the advancement. In addition, the commission ignored its own rule precluding advancements for luxury items.

The commission apparently contends that it may ignore the luxury-item prohibition, so long as the advancement meets the requirement of the preceding subdivision, Ohio Adm. Code 4121-3-10 (B)(1)(a), that it be for the purpose of repaying a loan. Such a reading of its own rule is not well-founded—clearly, all the limitations found in subdivisions (a) through (j) of division (B)(1) of the rule, referring to lump-sum advancements, are criteria which must be read in the conjunctive and apply to a request for an advancement.

The commission also contends that subdivision (j) of division (B)(1) of the rule permits it to disregard the previous limitations. Even if the commission be correct, its utilization of subdivision (j) is limited to those instances where it is warranted in deviating from the previous criteria by an express finding of the circumstances which make "it appropriate to do so." That finding was not made by the commission.

The commission's rules prohibit an advancement for the purchase of a color television set and limit the advancement of monies for the purchase of automobiles to situations where "there is shown a documented need for transportation." The commission made no finding concerning Johnson having documented a need for the automobile. While the rules do not specifically preclude the purchase of a central air conditioning unit, we concur with the referee's conclusion that such a purchase falls within the luxury item category, absent a showing that such a unit is required for the claimant's health and well-being or rehabilitation.

The commission is bound to follow the statute and its own rules. Because relator has made a clear showing that the commission failed to do so, we adopt the referee's report and recommendation and grant relator's requested writ of mandamus ordering the Industrial Commission to vacate its order of January 5, 1984 with respect to that portion of the allowed advancement for payment of debts relating to purchases of a color television set and antenna and the central air conditioner, and to issue an order permitting relator to ultimately recoup monies paid as a result of advancements for the television, antenna, and air conditioner, and to conduct further proceedings on the propriety of advancement for the purchase of the Chrysler Cordoba automobile consistent with R.C. 4123.64, Ohio Adm. Code 4123-3-10(B) and this opinion.

*Objections overruled and writ granted.*

MOYER and STERN, JJ., concur.

STERN, J., retired Justice of the Supreme Court of Ohio, assigned to active duty pursuant to Section 6(C), Article IV, Constitution.